Veronica T. Hunter (SBN 259859)
JACKSON LEWIS P.C.
717 Texas Avenue, Suite 1700
Houston, Texas  77002
Telephone:   (713) 650-0404
Facsimile:    (713) 650-0405
veronica.hunter@jacksonlewis.com

Melissa D. Owens (SBN 327295)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California  92101
Telephone:   (619) 573-4900
Facsimile:    (619) 573-4901
melissa.owens@jacksonlewis.com

Attorneys for Defendants
MANAGEMENT & TRAINING
CORPORATION; DORA OROZCO; and
VERONICA CARRANZA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA RIVAS, an individual, | Case No.: **'21CV1480 BEN WVG** |
| Plaintiff, | |
| vs. | **DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND VERONICA CARRANZA'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) (DIVERSITY)** |
| MANAGEMENT & TRAINING CORPORATION; a Delaware corporation; DORA OROZCO, an individual; VERONICA CARRANZA, an individual; and DOES 1-50, inclusive, | |
| Defendants. | |
| | State Court |
| | Complaint filed:   November 23, 2020 |
| | Trial Date:            Not Assigned |

1

CASE NO. _____
DEFS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, Defendants MANAGEMENT & TRAINING CORPORATION ("MTC"), DORA OROZCO ("Orozco"), and VERONICA CARRANZA ("Carranza") (collectively, "Defendants"), hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441, thereby removing the above-entitled action from the Superior Court of the State of California in and for the County of Imperial (the "Superior Court") to the United States District Court for the Southern District of California (the "District Court").

The following statement of grounds for removal is submitted pursuant to the provisions of Section 1446.[1]

**I.   STATEMENT OF JURISDICTION**

1. The District Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to Section 1441, because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

**II.   PLEADINGS AND PROCESS**

3. On November 23, 2020, Plaintiff Gloria Rivas ("Plaintiff" or "Rivas") filed a Complaint in the Superior Court of California in and for the County of Imperial, El Centro Courthouse, on behalf of herself, entitled *Gloria Rivas vs. Management & Training Corporation,* Case No. ECU001668, against Defendants alleging the following causes of action: (1) Unlawful Harassment in Violation of the FEHA; (2) Failure to Prevent and Remedy Unlawful Harassment in Violation of the FEHA; (3) Retaliation in Violation of

---

[1] All subsequent references to "Section" are to Title 28 of the United States Code.

CASE NO. _____
DEFS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT

the FEHA; and (5) Constructive Discharge in Violation of Public Policy. [Declaration of Melissa D. Owens ("Owens Decl."), ¶ 2, Ex. A.] *See also* 28 U.S.C. § 1446(a).

4.     On July 21, 2021, Plaintiff served MTC through its agent for service of process in Glendale, California, with the Summons, Complaint, Notice of Case Assignment, Notice of Status Conference, and Order.  [Owens Decl., ¶ 2; Ex. A.]

5.     On July 27, 2021, Plaintiff served Defendant Orozco with the Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution Information. [Owens Decl., ¶ 3; Ex. B.]

6.     On August 18, 2021, Plaintiff served Defendant Carranza via Notice and Acknowledgment of Receipt pursuant to California Code of Civil Procedure section 415.30. [Owens Decl., ¶ 4; Ex. C.]; *see e.g. Madren v. Belden, Inc*., 2012 U.S. Dist. LEXIS 91635, *5-*6 (N.D. Cal. July 2, 2012) (service effective on date Notice and Acknowledgment form executed and returned).)

7.     On August 19, 2021, Defendants filed and served their Answer in the Imperial Superior Court. [Owens Decl., ¶ 5; Ex. D.]

## III.   <u>THE REMOVAL IS TIMELY</u>

8.     This Notice of Removal has been filed within thirty (30) days of service of process of Plaintiff's Complaint, which was served on July 21, 2021, July 27, 2021, and August 18, 2021.  [See Owens Decl., ¶¶ 2-4, Ex. A-C.] No previous Notice of Removal has been filed or made with this Court for the relief sought.

9.     This Notice of Removal is, therefore, filed within the time period provided by Section 1446(b) since the deadline to remove is August 20, 2021.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 356 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint); *Madren v. Belden, Inc.*, 2012 U.S. Dist. LEXIS 91635, *5-*6 (N.D. Cal. July 2, 2012) (removal deadline triggered by effective service through execution of Notice and Acknowledgment form).

///

///

## IV.   **VENUE**

10.    This action was initially filed in the Superior Court of the State of California in and for the County of Imperial, El Centro Courthouse, which sits within the Southern Judicial District of California.  28 U.S.C. §§ 84(c)(1) ("The Southern District comprises the count[y] of . . . Imperial….").

11.    Thus, for purposes of Removal, venue properly lies in this District Court.  *See* 28 U.S.C. § 1446(a).

## V.   **DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a)**

12.    This case meets the requirements of Section 1332(a) and may be removed to federal court pursuant to Section 1441 because it is a civil action:  (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

13.    Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571 (2004).

14.    For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary.  *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (noting a party's residence is *prima facie* evidence of his domicile); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("the place of residence is *prima facie* the domicile").

15.    Plaintiff was employed by MTC from approximately September 15, 2014 through April 20, 2020.  During Plaintiff's employment, she worked within the County of Imperial, California.  [Declaration of Christina Pignatelli ("Pignatelli Decl."), ¶¶ 5-7.] ///

16.     Plaintiff's Complaint affirmatively alleges that she is a resident of California. [See Owens Decl., ¶ 2, Ex. A, Complaint at ¶ 4.] Therefore, **Plaintiff is presumptively a citizen of California**.

17.     Defendant Orozco is, and was at the time this civil action was commenced and removed to federal court, domiciled in Texas.  Though Defendant Orozco travels to New Mexico for work, she resides in Texas with her family, is registered to vote in Texas, maintains bank accounts and a driver's license in Texas, has a motor vehicle registered and insured in Texas, and has a Texas-based cell phone number. [Declaration of Dora Orozco ("Orozco Decl."), ¶ 3.] Therefore, **Defendant Orozco is a citizen of Texas**.

18.     Defendant Carranza is, and was at the time this civil action was commenced and removed to federal court, domiciled in Arizona. Though Defendant Carranza travels to California for work, she resides in Arizona with her family, is registered to vote in Arizona, maintains bank accounts and a driver's license in Arizona, has a motor vehicle registered and insured in Arizona, and has an Arizona-based cell phone number. [Declaration of Veronica Carranza ("Carranza Decl."), ¶ 3.] Therefore, **Defendant Carranza is a citizen of Arizona**.

19.     A corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business.  28 U.S.C. § 1332(c)(1).  "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz v. Friend*, 559 U.S. 77, 80 (2010).  The Supreme Court also held that the place of citizenship "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

20.     MTC is, and was at the time this civil action was commenced and removed to federal court, neither incorporated under the laws of the State of California, nor has its principal place of business (where its executive and administrative functions are performed) ever been in the State of California.  [Pignatelli Decl., ¶¶ 3-4.] MTC is incorporated under the laws of the State of Delaware and has its headquarters in the State

CASE NO. _____
DEFS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT

of Utah, where the majority of its executive and administrative functions are and have been performed, including, but not limited to, those operations related to administering company-wide policies and procedures, legal affairs, and managing general business operations.  [Pignatelli Decl., ¶¶ 2-4.]

21.  Based on the foregoing, **Defendant MTC is a citizen of the States of Delaware and Utah** for the purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1).

22.  Pursuant to Section 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity of citizenship between the parties to an action.  *See Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998) (holding the "district court was correct in only considering the domicile of the named defendants").  Defendants are informed and believe, and on that basis assert, that no other defendant in this action has been properly joined and served as provided in Section 1441(b)(2).  [Owens Decl., ¶ 6.]

23.  Based on the foregoing, this action is one between "citizens of different States" in accordance with Section 1332(a).

## VI.  AMOUNT IN CONTROVERSY PURSUANT TO SECTION 1332(a)

24.  In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Without admitting Plaintiff could recover any damages, Defendants assert that the amount in controversy in this action could exceed $75,000, exclusive of interest and costs, based on Plaintiff's claims for damages.

25.  When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant

seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

26.   In determining the amount in controversy, courts "must assume that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).[2] The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (2010); s*ee also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe.  It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) ("A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

27.   If the plaintiff contests the defendant's assertion of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*, 574 U.S. at 88).  A defendant's burden on removal is not "daunting"; the "defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO, 2010 U.S. Dist. LEXIS 81128, at *5 (E.D. Cal.

---

[2] By demonstrating the basis for the District Court's original jurisdiction under the diversity statute, Defendants in no way concede that Plaintiff's claims are valid or that she is entitled to recover anything from Defendants.

July 14, 2010).  A defendant seeking removal "need not make extrapolations or engage in guesswork," it only needs to "apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140.  Moreover, a defendant is "not obligated to supply information which [the plaintiff] omitted" and which the defendant consulted in evaluating whether removal is appropriate.  *See id.* at 1140-41.

28.    The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

29.    Plaintiff seeks reasonable attorneys' fees and costs of prosecuting this action to the fullest extent permitted by law. [See Owens Decl., ¶ 2, Ex. A, Complaint at ¶ E.]

30.    Attorney's fees may be taken into account to determine jurisdictional amount. *Goldberg v. CPC Int'l, Inc*., 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945.  Plaintiff's attorney's fees are recoverable under the California Government Code and the Fair Employment and Housing Act.  Govt. Code §12965(b).  Attorney's fees in individual employment cases often exceed damages.  *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).  Accordingly, it is reasonable to consider Plaintiff's attorney's fees amounting to at least $75,000 through trial for purposes of calculating the amount in controversy in this action.

31.    Punitive damages may also be included in calculating the amount in controversy.  *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

32.    Plaintiff seeks punitive damages. [See Owens Decl., ¶ 2, Ex. A, Complaint at ¶ D.]

33.    Ultimately, the evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court.  Indeed, Plaintiff seeks to recover damages plus prejudgment interest for: monetary and/or economic harm, including but not limited to the loss of past and future income, wages, compensation, and other benefits of employment; and non-monetary and compensatory

harm, including but not limited to compensation for her depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering. In addition, the attorney's fees incurred through trial will very likely exceed $75,000.  Moreover, Plaintiff seeks to recover punitive damages.

34.   Thus, this civil action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 et seq. and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VII.   NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES

35.   As required by Section 1446(d), a copy of the Notice of Removal is being filed in the California Superior Court in and for the County of Imperial. [Owens Decl. ¶ 7, Ex. E.]

36.   As also required by Section 1446(d), Defendants are serving Plaintiff, the only adverse party, and the Superior Court with this Notice of Removal, and will affirm such in a Declaration of Service.  [Owens Decl., ¶ 7; Ex. E.]

**WHEREFORE**, Defendants pray the above action now pending against them in the Superior Court for the State of California in and for the County of Imperial, El Centro Courthouse be removed therefrom to this District Court.

DATED:  August 19, 2021                    JACKSON LEWIS P.C.


By:_____s/ Melissa D. Owens_____
        Veronica T. Hunter
        Melissa D. Owens
        Attorneys for Defendants
        MANAGEMENT & TRAINING
        CORPORATION; DORA OROZCO; and
        VERONICA CARRANZA

4837-4768-5108, v. 4

CASE NO. _____
DEFS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT