# EXHIBIT A

**(Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution Information served on MTC on July 21, 2021 in this action, entitled *Gloria Rivas vs. Management & Training Corporation*, Case No. ECU001668)**

# To

# DECLARATION OF MELISSA D. OWENS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

USDC CASE NO.: _____

 **CT Corporation**

**Service of Process Transmittal**
07/21/2021
CT Log Number 539940895

**TO:**   Yolanda Florez
Management & Training Corporation
500 North Marketplace Drive
Centerville, UT 84014-

**RE:**   **Process Served in California**

**FOR:**   Management & Training Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GLORIA RIVAS, ETC., PLTF. vs. MANAGEMENT & TRAINING CORPORATION, ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # ECU001668 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/21/2021 at 13:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/21/2021, Expected Purge Date: 07/26/2021 |
| | Image SOP |
| | Email Notification,  Yolanda Florez  yolanda.florez@mtctrains.com |
| | Email Notification,  Michael Petrogeorge  michael.petrogeorge@mtctrains.com |
| | Email Notification,  Emilee Sorensen  emilee.sorensen@mtctrains.com |
| | Email Notification,  Alisa Machac  alisa.machac@mtctrains.com |
| | Email Notification,  Lisa Rich  lisa.rich@mtctrains.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-203-1500<br>DealTeam@wolterskluwer.com |

**EXHIBIT A**

**PAGE 5**

 **CT Corporation**

**Service of Process Transmittal**
07/21/2021
CT Log Number 539940895

**TO:**    Yolanda Florez
Management & Training Corporation
500 North Marketplace Drive
Centerville, UT 84014-

**RE:**    **Process Served in California**

**FOR:**    Management & Training Corporation  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A
PAGE 6



| | |
|---|---|
| Jurisdiction | CA |
| Case Number | ECU001668 |
| Entity Served | MANAGEMENT & TRAINING CORPORATION |

| | |
|---|---|
| **Server Name:** | Jimmy Lizama |
| **Date:** | Wed, Jul 21, 2021 |

# PROCESS SERVER DELIVERY DETAILS



**EXHIBIT A**

**PAGE 7**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

# FILED
11/23/2020

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY___Michelle Garcia___, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MANAGEMENT & TRAINING CORPORATION, a Delaware corporation; Additional Parties
Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GLORIA RIVAS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Imperial County Superior Court, El Centro
Courthouse, 939 West Main Street, El Centro, CA 92243

CASE NUMBER: *(Número del Caso):*
**ECU001668**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Louis Benowitz, SMITH & BENOWITZ, 4515 Van Nuys Boulevard, Suite 302, Sherman Oaks, CA 91403, (818) 839-7800

DATE:
*(Fecha)* **11/23/20**   **Maria Rhinehart / Clerk of Court** Clerk, by   **Michelle Garcia**   , Deputy
*(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   Management & Training Corporation, a Delaware corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

EXHIBIT A

PAGE 8

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gloria Rivas vs. Management & Training Corporation, et al. | ECU001668 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

DORA OROZCO, an individual; VERONICA CARRANZA, an individual; and DOES 1-50, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]



EXHIBIT A
PAGE 9

**FILED**

11/23/2020

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY___Michelle Garcia_____, DEPUTY

1  Louis Benowitz (SBN 262300)
     Louis@SmithBenowitz.com
2  Benjamin Smith (SBN 266712)
     Benjamin@SmithBenowitz.com
3  SMITH & BENOWITZ
4  4515 Van Nuys Boulevard, Suite 302
   Sherman Oaks, California 91403
5  Telephone:    (818) 839-7800
6  Facsimile:    (818) 839-9700

Assigned for all purposes to
Judge Jeffrey B. Jones
including trial

7  Attorneys for Plaintiff
   GLORIA RIVAS

8

9             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                 **FOR THE COUNTY OF IMPERIAL**

11

12  GLORIA RIVAS, an individual,              Case No. ECU001668

13          Plaintiff,                         **COMPLAINT FOR:**

14      vs.                                   1.  Unlawful Harassment in Violation of
                                                  the FEHA;
15  MANAGEMENT & TRAINING                      2.  Failure to Prevent and Remedy
    CORPORATION, a Delaware corporation;          Unlawful Harassment in Violation of
16  DORA OROZCO, an individual; VERONICA          the FEHA;
    CARRANZA, an individual; and DOES 1–50,  3.  Retaliation in Violation of the FEHA;
17  inclusive,                                    and
                                              4.  Constructive Discharge in Violation of
18          Defendants.                           Public Policy.

19                                            **JURY TRIAL DEMANDED**

20

21

22

23

24

25

26

27

28

EXHIBIT A
PAGE 10

1    Plaintiff Gloria Rivas ("Plaintiff" or "Ms. Fuentes") by and through her attorneys, Smith

2   & Benowitz, as and for her Complaint in this action against Management & Training Corporation

3   ("MTC" or "Corporate Defendant"); DORA OROZCO, an individual; VERONICA

4   CARRANZA, an individual (Defendants DORA OROZCO and VERONICA CARRANZA are

5   collectively referred to as the "Individual Defendants"); and Does 1–50, inclusive (collectively,

6   the "Doe Defendants") (the Corporate Defendant, the Individual Defendants and Doe Defendants,

7   collectively, "Defendants"), alleges upon personal knowledge and upon information and belief as

8   follows:

9                                **PRELIMINARY STATEMENT**

10          1.      This action is brought by Plaintiff Gloria Rivas for damages to redress Defendants'

11   unlawful employment practices, including Defendants' unlawful sexual harassment of Plaintiff,

12   and failure to prevent and remedy such unlawful harassment, and retaliation in violation of the

13   California Fair Employment and Housing Act, Government Code § 12940 *et seq.* ("FEHA").

14          2.      Plaintiff was subject to unlawful harassment and a hostile work environment by

15   her co-workers, in the presence of her supervisors at the Company.

16          3.      Defendants' conduct was knowing, malicious, willful and wanton and/or showed a

17   reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer

18   substantial economic and non-economic damages, permanent harms to her professional and

19   personal reputations, and severe mental anguish and emotional distress.

20                                        **PARTIES**

21          4.      Plaintiff Gloria Rivas is a resident of California.  At all relevant times, Plaintiff

22   met the definition of an "employee" of the Corporate Defendants under all applicable statutes.

23          5.      Defendant MTC is a corporation organized under the laws of the State of

24   Delaware.  MTC met the definition of Plaintiff's "employer" under all applicable statutes.

25          6.      Defendant Dora Orozco is an individual who Plaintiff is informed and believes is a

26   resident of the State of California.

27          7.      Defendant Veronica Carranza is an individual who Plaintiff is informed and

28   believes is a resident of the State of California.

8.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1–50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.

9.      Plaintiff is informed and believes and thereon alleges that each of the Defendants acted in all respects pertinent to this action as the agent or employee of the other Defendants, carried out a joint scheme, business plan, or policy in all respects hereto, and therefore the acts of each of the Defendants are legally attributable to the other defendants.

10.     Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained.

## JURISDICTION AND VENUE

11.     Jurisdiction is conferred on this Court because Defendants named herein are residents of the State of California and/or conduct business in the State of California.  Jurisdiction is conferred on this Court as to all causes of action because they arise under state statutory or common law.

12.     Venue is proper in this Court because Defendants reside in this County, or conduct business herein, and maintain records relevant to Plaintiff's claims herein, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this County.

13.     On or about August 25, 2020, after submitting charges of discrimination to the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a "right to sue" letter from the EEOC.

## FACTUAL ALLEGATIONS

14.     Ms. Rivas is a former employee of MTC.

15.     Ms. Rivas began working at MTC on or around September 14, 2014 as a detention officer and driver. While there, she experienced harassment and discrimination at the hands of many of her supervisors. * She worked in the transportation department as a driver which involved her transporting detainees to medical appointments, court hearings, etc. She worked

1 | alongside a partner who would help her watch inmates and ensure safety for both MTC personnel

2 | and detainees themselves.

3 |      16.    During 2017, Ms. Rivas began experiencing harassment from Lieutenant Veronica

4 | Carranza and Deputy Warden Dora Orozco. Both Ms. Carranza and Ms. Orozco were always nice

5 | to Ms. Rivas, however, she noticed them looking at her increasingly inappropriate during this

6 | time period. One thing she noticed was the fact that both Ms. Orozco and Ms. Carranza would

7 | stare at her in a way that made Ms. Rivas uncomfortable. Around this time period, Ms. Carranza

8 | and Ms. Orozco began to ask Ms. Rivas if she would go on dates with them. This was something

9 | that would happen on a weekly basis. Ms. Rivas would tell them she was not interested in dating

10 | them and would reject their advances. She did not want an uncomfortable work situation so she

11 | continued to speak to them as friends. Whenever Ms. Orozco and Ms. Carranza hugged Ms.

12 | Rivas, she felt uncomfortable and noticed that they were pushing their breasts against hers. On

13 | top of this, Ms. Carranza and Ms. Orozco would make comments such as, "You look good" and

14 | "I like that blouse on you." Given the other advances they had already made, these comments

15 | made Ms. Rivas even more uncomfortable. After continuous rejections, Ms. Orozco and Ms.

16 | Carranza began retaliating against Ms. Rivas.

17 |      17.    First, Deputy Warden Orozco promoted Lieutenant Carranza to work in the

18 | Transportation Department as Ms. Rivas's supervisor. Ms. Rivas noticed she continued to look at

19 | her in a way that still made her uncomfortable. It was not until February, 2018 when their targeted

20 | harassment became hostile. Around this time, Ms. Carranza and Ms. Orozco held a

21 | "transportation" meeting and told many officer to come in to discuss some important topics.

22 | When Ms. Rivas arrived, she quickly realized that this meeting was not to discuss topics related

23 | to the transportation department, but instead was a way to attack Ms. Rivas. Many officers were

24 | there claiming Ms. Rivas was problematic, did not run the transportation department correctly,

25 | and they accused her of speaking to ICE and releasing confidential information from MTC. Ms.

26 | Rivas felt extremely attacked and nothing was ever done to Ms. Carranza and Ms. Orozco for

27 | this. Later, Ms. Rivas came to find that Ms. Carranza and Ms. Orozco went around to many

28 | officers and asked if they wanted to be involved in this. If the officer had issues with Ms. Rivas or

1   wanted to submit a complaint, they were invited to this meeting. If the officers did not have

2   anything damning to say about Ms. Rivas, they were not invited to the meeting. On top of this,

3   Ms. Carranza and Ms. Orozco began requesting written memos with alleged complaints about

4   Ms. Rivas.

5           18.    Shortly after this meeting, Ms. Rivas went on stress leave as this situation left her

6   in a poor mental state. After several requests, she was finally approved for leave citing stress. Her

7   leave began on or around June, 2018 and ended on or around May, 2019. Upon return, Ms. Rivas

8   was not given her previous position. She was moved out of the transportation department and was

9   forced to work in the barracks. Among MTC personnel, this position is seen as a punishment as it

10  involved working directly in the barracks with detainees. Ms. Rivas made frequent requests with

11  Brandi Haley, human resources representative, to investigate why exactly she was taken out of

12  the transportation department. Every time Ms. Rivas would inquire why she was removed, Ms.

13  Haley stated she did not know because this situation happened so long ago. After about a month

14  of requesting investigations, Ms. Rivas returned to her previous position in the transportation

15  department on or around June, 2019. To this day, Ms. Rivas has not been provided with an

16  explanation as to why she was removed from the department in the first place.

17          19.    Ms. Rivas continued to face harassment from Ms. Orozco. She noticed she would

18  continue to look at her inappropriate ways. Throughout this time, Ms. Rivas submitted complaints

19  to Ms. Haley to investigate the sexual harassment brought forth by Ms. Carranza and Ms. Orozco.

20  Ms. Haley told Ms. Rivas that her claims could never be substantiated and told her to maintain a

21  professional demeanor whenever she felt Ms. Orozco would look at her inappropriately. This

22  issue was ongoing and was submitted to the EEOC for investigation on or around November 25,

23  2019. Ultimately, the pattern of harassing and retaliatory conduct against Ms. Rivas continued

24  until she was forced to resign from her position on or around May 20, 2020, as MTC had

25  repeatedly failed to take the time to address these issues and made her working conditions so

26  intolerable that no reasonable person could continue working under them.

27  ///

28  ///

## FIRST CAUSE OF ACTION

**Unlawful Harassment Violation of the California Fair Employment and Housing Act**

**(Gov. Code § 12900 *et seq.*)**

**(By Plaintiff Against All Defendants)**

20.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

21.     Plaintiff was and is at all times relevant hereto an employee covered by Government Code § 12926(c).

22.     Defendants were and are at all times relevant hereto employers within the meaning of Government Code § 12926(d) and, as such, required by FEHA to take all reasonable steps to prevent discrimination and harassment from occurring and to ensure a workplace free from sexual harassment and retaliation.

23.     Additionally, because the perpetrators exercised direct supervision over Plaintiff and maintained management positions, Defendants are strictly liable for Plaintiff's damages.

24.     Defendants have acted against Plaintiff in violation of FEHA by engaging in a course of conduct described above.  This course of conduct included:

      a.     Unlawful harassment;

      b.     Retaliation;

      c.     Failure to provides a work environment free from sexual abuse and harassment;

      d.     Failure to adequately investigate complaints regarding the Individual Defendants' outrageous behavior;

      e.     Failure to take all steps reasonable and necessary to prevent unlawful sexual abuse from occurring in the workplace; and

      f.     Condoning, fostering and tolerating a work environment which is oppressive and offensive.

25.     The above-described conduct created an intimidating, oppressive, hostile, and offensive work environment that interfered with Plaintiff's emotional well-being. Plaintiff has

1    had to seek medical treatment for emotional distress, sustained as the result of the hostile work

2    environment she was subjected to at Defendants.

3        26.    Defendants at all times relevant hereto had actual and constructive knowledge of

4    the conduct of their supervisory employees. Defendants knew or should have known of these

5    harassing actions because the employees at issue were managers of the Corporate Defendant,

6    because their offensive conduct was open and hostile, and because Plaintiff made complaints to

7    Defendants about the conduct of the supervisory employees, all as alleged herein. Others within

8    Defendants witnessed the sexual harassment of Plaintiff and did nothing to prevent it from

9    occurring.

10       27.    As a result of the hostile and offensive work environment, Plaintiff endured

11   harassment and suffered humiliation, embarrassment and mental anguish.

12       28.    Defendants violated FEHA by failing to adequately supervise, control, remedy,

13   discipline or otherwise address the outrageous conduct and unlawful harassment.

14       29.    The Corporate Defendant also failed to comply with its statutory duty to take all

15   reasonable steps to eliminate unlawful harassment and retaliation from the workplace and to

16   prevent it from occurring in the future.

17       30.    As a direct and proximate result of the Defendants' actions, omissions, willful,

18   intentional and unlawful harassment against Plaintiff, Plaintiff has suffered and continues to

19   suffer losses in earnings and other employment benefits and has suffered and continues to suffer

20   embarrassment, humiliation, mental anguish, and anxiety all to her damages and in an amount

21   according to proof.

22       31.    As a further direct and proximate result of Defendants' violation of the FEHA,

23   Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will

24   continue to incur, legal fees and costs, the full nature and extent of which are presently unknown.

25   As a result of Defendants' wrongful acts as alleged herein, Plaintiff is entitled to reasonable

26   attorneys' fees and costs of said suit as provided by Government Code § 12965(b).

27       32.    The outrageous conduct of Defendants and their agents as described above was

28   done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of

1 injuring her.  Additionally, the Corporate Defendant, through their officers, managing agents,

2 supervisors and/or minority owners, condoned and/or ratified the unlawful conduct.  By reason

3 thereof, Plaintiff is entitled to punitive or exemplary damages from the Corporate Defendant

4 pursuant to Civil Code §§ 3294–3295 in a sum according to proof at trial.

5 **SECOND CAUSE OF ACTION**

6 **Failure To Prevent, Investigate, and Remedy Sexual Harassment**

7 **(Gov. Code §§ 12940(j)(1) & (k))**

8 **(By Plaintiff Against the Corporate Defendant and the Doe Defendants)**

9 33.    Plaintiff hereby repeats and realleges each and every allegation in the preceding

10 paragraphs as if fully set forth herein.

11 34.    Plaintiff is informed and believes and thereupon alleges that Defendants knew or

12 reasonably should have known of the other Defendants' unlawful, sexually discriminatory

13 conduct in the workplace and that they should not have been employed with the remaining

14 Defendants and Defendants should have restrained such other Defendants from engaging in

15 unlawful, discriminatory sexual harassment and should have provided training and instruction to

16 him on the laws pertaining to sexual harassment.  Defendants failed to take all reasonable steps

17 necessary to prevent or stop sexual harassment from occurring.

18 35.    At all times herein mentioned, Government Code section 12940(k) (formerly

19 section 12940(i)) was in full force and effect and was binding on Defendants.  This subsection

20 requires Defendants to take all reasonable steps necessary to prevent discrimination and

21 harassment from occurring.  As alleged above, Defendants violated this subsection by failing to

22 take all reasonable steps necessary to prevent harassment from occurring.

23 36.    Plaintiff is informed and believes and thereupon alleges that Defendants failed to

24 provide adequate training to their owners, supervisors and managers.

25 37.    Defendants have further violated the FEHA, at Government Code §§ 12940(j) and

26 12940(k) by, among other things, failing to take all reasonable steps to prevent harassment from

27 occurring, and failing to promptly and effectively investigate and remediate complaints of sexual

28 harassment.  Plaintiff complained of sexual harassment to Defendants' management and

7

COMPLAINT

**EXHIBIT A**

**PAGE 17**

1  management personally observed some of the harassment.  To Plaintiff's knowledge, no

2  meaningful or adequate disciplinary action was taken against the perpetrators because of their

3  improper conduct toward her. By engaging in the acts described above, Defendants failed to

4  prevent, investigate, and remedy the sexual harassment of Plaintiff in violation of the FEHA.

5      38.      The acts taken toward Plaintiff were carried out by and/or ratified by Defendants

6  and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent,

7  malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff,

8  thereby justifying an award to her of punitive damages in a sum appropriate to punish and make

9  an example of Defendants, and each of them.

10     39.      As a proximate result of the wrongful acts of Defendants, and each of them,

11  Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental

12  financial losses, including without limitation, loss of salary and benefits, and the intangible loss of

13  employment-related opportunities and damage to her professional reputation, all in an amount

14  subject to proof at the time of trial. Plaintiff claims such amounts as damages together with

15  prejudgment interest pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of

16  law providing for prejudgment interest.

17     40.      As a proximate result of the wrongful acts of Defendants, and each of them,

18  Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental

19  anguish, and emotional distress.  Plaintiff is informed and believes and thereon alleges that she

20  will continue to experience said emotional suffering for a period in the future she cannot presently

21  ascertain, all in an amount subject to proof at the time of trial.

## THIRD CAUSE OF ACTION

### Retaliation in Violation of the FEHA (Gov. Code § 12900 *et seq.*)

### (By Plaintiff Against the Corporate Defendant and the Doe Defendants)

25     41.      Plaintiff hereby repeats and realleges each and every allegation in the preceding

26  paragraphs as if fully set forth herein.

27     42.      Plaintiff is informed and believes and thereupon alleges that Plaintiff's complaints

28  to Defendants about sexual harassment and/or other characteristics protected by FEHA,

8

COMPLAINT

1   Government Code section 12900, *et seq.*, were motivating factors in defendants' decision not to

2   promote, or otherwise employ plaintiff is any superior position, or otherwise provide Plaintiff

3   with promotional employment opportunities, and/or to take other adverse employment action,

4   including constructive employment termination, against Plaintiff.

5        43.    At all times herein mentioned, the FEHA, embodied in Government Code section

6   12900 *et seq.* was in full force and effect.  This act prohibits employers from retaliating against

7   employees who make protected complaints.

8        44.    Plaintiff believes and thereon alleges that Defendants are qualified employers

9   subject to the requirements of FEHA.

10        45.    As discussed above, Plaintiff began employment with Defendants in good faith

11   reliance upon promised developmental and promotional opportunities.  While employed with

12   Defendants, Plaintiff flourished, and was even referred to as a "star player."  Eventually, Plaintiff

13   was sexually harassed by Defendants.

14        46.    Plaintiff complained to Defendants about the inappropriate behavior she was

15   subjected to.  As a result of her complaints, she was retaliated against.

16        47.    Plaintiff complained to defendants of the sexual harassment she experienced.

17   Thereafter, Defendants retaliated against Plaintiff by taking adverse employment actions against

18   her, in major part because she reported the sexual harassment.

19        48.    Plaintiff believes and thereon alleges that any claims of misconduct or

20   performance issues made by Defendants are merely pretextual and meant to disguise the

21   discriminatory reasons for her treatment.

22        49.    Plaintiff's protected actions under FEHA, Government Code section 12900, *et*

23   *seq.*, were motivating factors in Defendants' decision not to promote, or otherwise employ

24   plaintiff is any superior position, or otherwise provide Plaintiff with promotional employment

25   opportunities, and/or to take other adverse employment action, including constructive

26   employment termination, against Plaintiff.

27        50.    Defendants' conduct, as alleged, violated FEHA, Government Code section 12900,

28   *et seq.*, and defendants committed unlawful employment practices, including by the following,

separate bases for liability:

    a.  Retaliating against Plaintiff for her complaints to Defendants about the sexual harassment she was experiencing by taking adverse employment actions against her, in violation of Government Code section 12940(j);

    b.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendants' failure to recognize such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h).

51.    As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain losses of earnings and other employment benefits.

52.    As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

53.    Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

54.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## FOURTH CAUSE OF ACTION

### CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

### (By Plaintiff Against the Corporate Defendant and the Doe Defendants)

55.    Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

56.    As set forth herein, Plaintiff was subjected to working conditions that violated public policy, in that they violated the protections of the FEHA.

57.    At all relevant times, Defendants intentionally created or knowingly permitted these working conditions to exist.

58. These working conditions were so intolerable that Plaintiff, or a reasonable person in Plaintiff's position, would have had no reasonable alternative but to resign.

59. Plaintiff did, in fact, resign because of her intolerable working conditions.

60. Defendants' conduct was a substantial factor in causing harm to Plaintiff.

61. As a proximate result of Defendants' conduct, Plaintiff has sustained and continues to sustain losses of earnings and other employment benefits.

62. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

63. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. An award of damages, in a sum in excess of the jurisdictional minimum of the Superior Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

B. An award of damages, in a sum in excess of the jurisdictional minimum of the Superior Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for her depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering;

C. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

D. An award of punitive damages;

E. An award of costs that Plaintiff has incurring in this action, as well as Plaintiff's reasonable attorneys' fees and costs of prosecuting this action to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

SMITH & BENOWITZ

Dated:  November 23, 2020 BY _____

LOUIS BENOWITZ
Attorneys for Plaintiff
GLORIA RIVAS

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Louis Benowitz (SBN 262300) / SMITH & BENOWITZ
4515 Van Nuys Boulevard, Suite 302
Shorman Oaks, CA 91403

TELEPHONE NO.: (818) 839-7800    FAX NO. (Optional): (818) 839-9700
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 939 West Main Street
MAILING ADDRESS: 939 West Main Street
CITY AND ZIP CODE: El Centro, CA 92243
BRANCH NAME: El Centro Courthouse

CASE NAME:
Gloria Rivas vs. Management & Training Corporation, et al.

**FILED**

11/23/2020

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY __Michelle Garcia__, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | ECU001668 |

JUDGE: JEFFREY B JONES
DEPT.: 7

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): Four (4)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 23, 2020

Louis Benowitz
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**EXHIBIT A**
**PAGE 23**

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**EXHIBIT A**

**PAGE 24**

# Superior Court of California
# County of Imperial
## Alternative Dispute Resolution Information

NOTICE: In all general civil cases, plaintiff and cross-complaints are required to serve this form on each defendant or new party to the action.

Alternative Dispute Resolution (ADR) may help resolve disputes without trial.  ADR is usually less expensive, less formal and less time consuming than a trial.  ADR can also be less adversarial and may provide parties with the opportunity for more creative and/or flexible outcomes than can be achieved in trial.  Since various ADR methods may or may not be appropriate in any particular case, it is advisable to consult with an attorney about options available.

### Mediation

An impartial person called a "mediator" helps the parties try to reach a mutually agreeable resolution of the dispute.  The outcome is decided only by the parties.  If the parties do not reach an agreement, the mediator does not make any decisions or recommendations to the court. Mediation is useful when the parties have a relationship they wish to preserve.  Mediation may not be as useful if one of the parties is unwilling to compromise, or if one party has significant power over the other.  The only court sponsored mediation service available in the Superior Court is for child custody and visitation.

### Arbitration

An impartial person called an "arbitrator" listens to evidence and argument from both sides and then decides the outcome.  Arbitration is less formal than a trial, and the rules of evidence may be relaxed.  Pursuant to Imperial Superior Court Local Rules, Division 5 – Arbitration, Rule 3.5.0, all non-exempt unlimited civil cases where the amount in controversy does not exceed $50,000 as to any plaintiff, and all limited civil cases shall be submitted to arbitration under CCP 1141.10 et seq.

### Settlement Conference

The parties and their attorneys meet with a judicial officer to discuss possible settlement of the dispute.  The judicial officer assists the parties in evaluating the strengths and weaknesses of the case, but does not make any decision.  Settlement conferences are scheduled upon request of the parties and order of the judge assigned to the case.

### Additional Information

For information on Superior Court of California, County of Imperial's arbitration process see the Local Rules at www.imperial.courts.ca.gov and Stipulation to Use of Alternative Dispute Resolution Process, Local Form GN-02.

ADR Information
GN-04 (Adopted (01/01/12)

**EXHIBIT A**
**PAGE 25**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:       FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL**
**939 W. Main Street**
**El Centro, CA 92243**

| PETITIONER: | |
|---|---|
| RESPONDENT: | |
| **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS (California Rules of Court 3.221)** | CASE NUMBER: |

The parties and/or their attorneys stipulate that the matter is at issue and that this action shall be submitted to the following alternative dispute resolution process.  Selection of any of these options will not delay any case management timelines.

_____ Court Ordered Non-Binding Arbitration (Cases valued at $50,000 or less)

_____ Private Mediation

_____ Private Binding Arbitration

_____ Other (specify):_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral:

_____

Date:_____     Date:_____


_____     _____
Name of Plaintiff/Petitioner     Name of Defendant/Respondent


_____     _____
Signature of Plaintiff/Petitioner     Signature of Defendant/Respondent


_____     _____
Name of Plaintiff's Attorney     Name of Defendant's Attorney


_____     _____
Signature of Attorney     Signature of Attorney

STIPULATION TO USE OF ALTERNATIVE DISPUTE
RESOLUTION PROCESS (CA Rules of Court 3.221)

**EXHIBIT A**
**PAGE 26**

# <u>EXHIBIT B</u>

**(Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution Information served on Orozco on July 27, 2021 in this action, entitled *Gloria Rivas vs. Management & Training Corporation*, Case No. ECU001668)**

# To

# DECLARATION OF MELISSA D. OWENS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

USDC CASE NO.: _____

LEGAL-NET PROCESS SERVICE

DATE 7/27/21

TIME

BY __RCavana__

Sub Serve 3/3 attempt
to co resident

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |

**FILED**

11/23/2020

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY __Michelle Garcia__ , DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MANAGEMENT & TRAINING CORPORATION, a Delaware corporation; Additional Parties
Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GLORIA RIVAS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es)*: Imperial County Superior Court, El Centro Courthouse, 939 West Main Street, El Centro, CA 92243 | CASE NUMBER: *(Número del Caso):* ECU001668 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Louis Benowitz, SMITH & BENOWITZ, 4515 Van Nuys Boulevard, Suite 302, Sherman Oaks, CA 91403, (818) 839-7800

| DATE: *(Fecha)* 11/23/20 | Maria Rhinehart / Clerk of Court Clerk, by *(Secretario)* Michelle Garcia | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
    under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT B**
**PAGE 28**

**SUM-200(A)**

| SHORT TITLE:<br>Gloria Rivas vs. Management & Training Corporation, et al. | CASE NUMBER:<br>ECU001668 |
| --- | --- |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff      ☒ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

DORA OROZCO, an individual; VERONICA CARRANZA, an individual; and DOES 1-50, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
**Attachment to Summons**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

**EXHIBIT B**

**PAGE 29**

**FILED**

11/23/2020

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY___Michelle Garcia_____, DEPUTY

1  Louis Benowitz (SBN 262300)
          Louis@SmithBenowitz.com

2  Benjamin Smith (SBN 266712)
          Benjamin@SmithBenowitz.com

3  SMITH & BENOWITZ

4  4515 Van Nuys Boulevard, Suite 302
   Sherman Oaks, California 91403

5  Telephone:    (818) 839-7800
   Facsimile:    (818) 839-9700

6

7  Attorneys for Plaintiff
   GLORIA RIVAS

Assigned for all purposes to
Judge Jeffrey B. Jones
including trial

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF IMPERIAL**

11

| | |
|---|---|
| 12  GLORIA RIVAS, an individual, | Case No. ECU001668 |
| 13        Plaintiff, | **COMPLAINT FOR:** |
| 14     vs. | 1.  Unlawful Harassment in Violation of the FEHA; |
| 15  MANAGEMENT & TRAINING | 2.  Failure to Prevent and Remedy Unlawful Harassment in Violation of the FEHA; |
| 16  CORPORATION, a Delaware corporation; DORA OROZCO, an individual; VERONICA | 3.  Retaliation in Violation of the FEHA; and |
| 17  CARRANZA, an individual; and DOES 1–50, inclusive, | 4.  Constructive Discharge in Violation of Public Policy. |
| 18        Defendants. | **JURY TRIAL DEMANDED** |

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**PAGE 30**

1   Plaintiff Gloria Rivas ("Plaintiff" or "Ms. Fuentes") by and through her attorneys, Smith

2   & Benowitz, as and for her Complaint in this action against Management & Training Corporation

3   ("MTC" or "Corporate Defendant"); DORA OROZCO, an individual; VERONICA

4   CARRANZA, an individual (Defendants DORA OROZCO and VERONICA CARRANZA are

5   collectively referred to as the "Individual Defendants"); and Does 1–50, inclusive (collectively,

6   the "Doe Defendants") (the Corporate Defendant, the Individual Defendants and Doe Defendants,

7   collectively, "Defendants"), alleges upon personal knowledge and upon information and belief as

8   follows:

9   **PRELIMINARY STATEMENT**

10   1.    This action is brought by Plaintiff Gloria Rivas for damages to redress Defendants'

11   unlawful employment practices, including Defendants' unlawful sexual harassment of Plaintiff,

12   and failure to prevent and remedy such unlawful harassment, and retaliation in violation of the

13   California Fair Employment and Housing Act, Government Code § 12940 *et seq.* ("FEHA").

14   2.    Plaintiff was subject to unlawful harassment and a hostile work environment by

15   her co-workers, in the presence of her supervisors at the Company.

16   3.    Defendants' conduct was knowing, malicious, willful and wanton and/or showed a

17   reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer

18   substantial economic and non-economic damages, permanent harms to her professional and

19   personal reputations, and severe mental anguish and emotional distress.

20   **PARTIES**

21   4.    Plaintiff Gloria Rivas is a resident of California.  At all relevant times, Plaintiff

22   met the definition of an "employee" of the Corporate Defendants under all applicable statutes.

23   5.    Defendant MTC is a corporation organized under the laws of the State of

24   Delaware.  MTC met the definition of Plaintiff's "employer" under all applicable statutes.

25   6.    Defendant Dora Orozco is an individual who Plaintiff is informed and believes is a

26   resident of the State of California.

27   7.    Defendant Veronica Carranza is an individual who Plaintiff is informed and

28   believes is a resident of the State of California.

1

COMPLAINT

**EXHIBIT B**

**PAGE 31**

8.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1–50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.

9.      Plaintiff is informed and believes and thereon alleges that each of the Defendants acted in all respects pertinent to this action as the agent or employee of the other Defendants, carried out a joint scheme, business plan, or policy in all respects hereto, and therefore the acts of each of the Defendants are legally attributable to the other defendants.

10.     Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained.

## JURISDICTION AND VENUE

11.     Jurisdiction is conferred on this Court because Defendants named herein are residents of the State of California and/or conduct business in the State of California.  Jurisdiction is conferred on this Court as to all causes of action because they arise under state statutory or common law.

12.     Venue is proper in this Court because Defendants reside in this County, or conduct business herein, and maintain records relevant to Plaintiff's claims herein, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this County.

13.     On or about August 25, 2020, after submitting charges of discrimination to the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a "right to sue" letter from the EEOC.

## FACTUAL ALLEGATIONS

14.     Ms. Rivas is a former employee of MTC.

15.     Ms. Rivas began working at MTC on or around September 14, 2014 as a detention officer and driver. While there, she experienced harassment and discrimination at the hands of many of her supervisors. * She worked in the transportation department as a driver which involved her transporting detainees to medical appointments, court hearings, etc. She worked

2

COMPLAINT

**EXHIBIT B**

**PAGE 32**

1   alongside a partner who would help her watch inmates and ensure safety for both MTC personnel

2   and detainees themselves.

3        16.    During 2017, Ms. Rivas began experiencing harassment from Lieutenant Veronica

4   Carranza and Deputy Warden Dora Orozco. Both Ms. Carranza and Ms. Orozco were always nice

5   to Ms. Rivas, however, she noticed them looking at her increasingly inappropriate during this

6   time period. One thing she noticed was the fact that both Ms. Orozco and Ms. Carranza would

7   stare at her in a way that made Ms. Rivas uncomfortable. Around this time period, Ms. Carranza

8   and Ms. Orozco began to ask Ms. Rivas if she would go on dates with them. This was something

9   that would happen on a weekly basis. Ms. Rivas would tell them she was not interested in dating

10  them and would reject their advances. She did not want an uncomfortable work situation so she

11  continued to speak to them as friends. Whenever Ms. Orozco and Ms. Carranza hugged Ms.

12  Rivas, she felt uncomfortable and noticed that they were pushing their breasts against hers. On

13  top of this, Ms. Carranza and Ms. Orozco would make comments such as, "You look good" and

14  "I like that blouse on you." Given the other advances they had already made, these comments

15  made Ms. Rivas even more uncomfortable. After continuous rejections, Ms. Orozco and Ms.

16  Carranza began retaliating against Ms. Rivas.

17       17.    First, Deputy Warden Orozco promoted Lieutenant Carranza to work in the

18  Transportation Department as Ms. Rivas's supervisor. Ms. Rivas noticed she continued to look at

19  her in a way that still made her uncomfortable. It was not until February, 2018 when their targeted

20  harassment became hostile. Around this time, Ms. Carranza and Ms. Orozco held a

21  "transportation" meeting and told many officer to come in to discuss some important topics.

22  When Ms. Rivas arrived, she quickly realized that this meeting was not to discuss topics related

23  to the transportation department, but instead was a way to attack Ms. Rivas. Many officers were

24  there claiming Ms. Rivas was problematic, did not run the transportation department correctly,

25  and they accused her of speaking to ICE and releasing confidential information from MTC. Ms.

26  Rivas felt extremely attacked and nothing was ever done to Ms. Carranza and Ms. Orozco for

27  this. Later, Ms. Rivas came to find that Ms. Carranza and Ms. Orozco went around to many

28  officers and asked if they wanted to be involved in this. If the officer had issues with Ms. Rivas or

3

COMPLAINT

**EXHIBIT B**

**PAGE 33**

1    wanted to submit a complaint, they were invited to this meeting. If the officers did not have

2    anything damning to say about Ms. Rivas, they were not invited to the meeting. On top of this,

3    Ms. Carranza and Ms. Orozco began requesting written memos with alleged complaints about

4    Ms. Rivas.

5         18.      Shortly after this meeting, Ms. Rivas went on stress leave as this situation left her

6    in a poor mental state. After several requests, she was finally approved for leave citing stress. Her

7    leave began on or around June, 2018 and ended on or around May, 2019. Upon return, Ms. Rivas

8    was not given her previous position. She was moved out of the transportation department and was

9    forced to work in the barracks. Among MTC personnel, this position is seen as a punishment as it

10   involved working directly in the barracks with detainees. Ms. Rivas made frequent requests with

11   Brandi Haley, human resources representative, to investigate why exactly she was taken out of

12   the transportation department. Every time Ms. Rivas would inquire why she was removed, Ms.

13   Haley stated she did not know because this situation happened so long ago. After about a month

14   of requesting investigations, Ms. Rivas returned to her previous position in the transportation

15   department on or around June, 2019. To this day, Ms. Rivas has not been provided with an

16   explanation as to why she was removed from the department in the first place.

17        19.      Ms. Rivas continued to face harassment from Ms. Orozco. She noticed she would

18   continue to look at her inappropriate ways. Throughout this time, Ms. Rivas submitted complaints

19   to Ms. Haley to investigate the sexual harassment brought forth by Ms. Carranza and Ms. Orozco.

20   Ms. Haley told Ms. Rivas that her claims could never be substantiated and told her to maintain a

21   professional demeanor whenever she felt Ms. Orozco would look at her inappropriately. This

22   issue was ongoing and was submitted to the EEOC for investigation on or around November 25,

23   2019. Ultimately, the pattern of harassing and retaliatory conduct against Ms. Rivas continued

24   until she was forced to resign from her position on or around May 20, 2020, as MTC had

25   repeatedly failed to take the time to address these issues and made her working conditions so

26   intolerable that no reasonable person could continue working under them.

27   ///

28   ///

4

COMPLAINT

EXHIBIT B
PAGE 34

1

**FIRST CAUSE OF ACTION**

2

**Unlawful Harassment Violation of the California Fair Employment and Housing Act**

3

**(Gov. Code § 12900 *et seq.*)**

4

**(By Plaintiff Against All Defendants)**

5      20.    Plaintiff hereby repeats and realleges each and every allegation in the preceding

6 paragraphs as if fully set forth herein.

7      21.    Plaintiff was and is at all times relevant hereto an employee covered by

8 Government Code § 12926(c).

9      22.    Defendants were and are at all times relevant hereto employers within the meaning

10 of Government Code § 12926(d) and, as such, required by FEHA to take all reasonable steps to

11 prevent discrimination and harassment from occurring and to ensure a workplace free from sexual

12 harassment and retaliation.

13      23.    Additionally, because the perpetrators exercised direct supervision over Plaintiff

14 and maintained management positions, Defendants are strictly liable for Plaintiff's damages.

15      24.    Defendants have acted against Plaintiff in violation of FEHA by engaging in a

16 course of conduct described above.  This course of conduct included:

17          a.    Unlawful harassment;

18          b.    Retaliation;

19          c.    Failure to provides a work environment free from sexual abuse and

20              harassment;

21          d.    Failure to adequately investigate complaints regarding the Individual

22              Defendants' outrageous behavior;

23          e.    Failure to take all steps reasonable and necessary to prevent unlawful

24              sexual abuse from occurring in the workplace; and

25          f.    Condoning, fostering and tolerating a work environment which is

26              oppressive and offensive.

27      25.    The above-described conduct created an intimidating, oppressive, hostile, and

28 offensive work environment that interfered with Plaintiff's emotional well-being. Plaintiff has

1  had to seek medical treatment for emotional distress, sustained as the result of the hostile work

2  environment she was subjected to at Defendants.

3      26.    Defendants at all times relevant hereto had actual and constructive knowledge of

4  the conduct of their supervisory employees.  Defendants knew or should have known of these

5  harassing actions because the employees at issue were managers of the Corporate Defendant,

6  because their offensive conduct was open and hostile, and because Plaintiff made complaints to

7  Defendants about the conduct of the supervisory employees, all as alleged herein.  Others within

8  Defendants witnessed the sexual harassment of Plaintiff and did nothing to prevent it from

9  occurring.

10      27.    As a result of the hostile and offensive work environment, Plaintiff endured

11  harassment and suffered humiliation, embarrassment and mental anguish.

12      28.    Defendants violated FEHA by failing to adequately supervise, control, remedy,

13  discipline or otherwise address the outrageous conduct and unlawful harassment.

14      29.    The Corporate Defendant also failed to comply with its statutory duty to take all

15  reasonable steps to eliminate unlawful harassment and retaliation from the workplace and to

16  prevent it from occurring in the future.

17      30.    As a direct and proximate result of the Defendants' actions, omissions, willful,

18  intentional and unlawful harassment against Plaintiff, Plaintiff has suffered and continues to

19  suffer losses in earnings and other employment benefits and has suffered and continues to suffer

20  embarrassment, humiliation, mental anguish, and anxiety all to her damages and in an amount

21  according to proof.

22      31.    As a further direct and proximate result of Defendants' violation of the FEHA,

23  Plaintiff has been compelled to retain the services of counsel and has thereby incurred, and will

24  continue to incur, legal fees and costs, the full nature and extent of which are presently unknown.

25  As a result of Defendants' wrongful acts as alleged herein, Plaintiff is entitled to reasonable

26  attorneys' fees and costs of said suit as provided by Government Code § 12965(b).

27      32.    The outrageous conduct of Defendants and their agents as described above was

28  done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of

**EXHIBIT B**
**PAGE 36**

1    injuring her.  Additionally, the Corporate Defendant, through their officers, managing agents,

2    supervisors and/or minority owners, condoned and/or ratified the unlawful conduct.  By reason

3    thereof, Plaintiff is entitled to punitive or exemplary damages from the Corporate Defendant

4    pursuant to Civil Code §§ 3294–3295 in a sum according to proof at trial.

5                                    **SECOND CAUSE OF ACTION**

6                **Failure To Prevent, Investigate, and Remedy Sexual Harassment**

7                               **(Gov. Code §§ 12940(j)(1) & (k))**

8                **(By Plaintiff Against the Corporate Defendant and the Doe Defendants)**

9           33.    Plaintiff hereby repeats and realleges each and every allegation in the preceding

10   paragraphs as if fully set forth herein.

11          34.    Plaintiff is informed and believes and thereupon alleges that Defendants knew or

12   reasonably should have known of the other Defendants' unlawful, sexually discriminatory

13   conduct in the workplace and that they should not have been employed with the remaining

14   Defendants and Defendants should have restrained such other Defendants from engaging in

15   unlawful, discriminatory sexual harassment and should have provided training and instruction to

16   him on the laws pertaining to sexual harassment.  Defendants failed to take all reasonable steps

17   necessary to prevent or stop sexual harassment from occurring.

18          35.    At all times herein mentioned, Government Code section 12940(k) (formerly

19   section 12940(i)) was in full force and effect and was binding on Defendants.  This subsection

20   requires Defendants to take all reasonable steps necessary to prevent discrimination and

21   harassment from occurring.  As alleged above, Defendants violated this subsection by failing to

22   take all reasonable steps necessary to prevent harassment from occurring.

23          36.    Plaintiff is informed and believes and thereupon alleges that Defendants failed to

24   provide adequate training to their owners, supervisors and managers.

25          37.    Defendants have further violated the FEHA, at Government Code §§ 12940(j) and

26   12940(k) by, among other things, failing to take all reasonable steps to prevent harassment from

27   occurring, and failing to promptly and effectively investigate and remediate complaints of sexual

28   harassment.  Plaintiff complained of sexual harassment to Defendants' management and

---

7

COMPLAINT

**EXHIBIT B**
**PAGE 37**

1   management personally observed some of the harassment.  To Plaintiff's knowledge, no

2   meaningful or adequate disciplinary action was taken against the perpetrators because of their

3   improper conduct toward her. By engaging in the acts described above, Defendants failed to

4   prevent, investigate, and remedy the sexual harassment of Plaintiff in violation of the FEHA.

5       38.     The acts taken toward Plaintiff were carried out by and/or ratified by Defendants

6   and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent,

7   malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff,

8   thereby justifying an award to her of punitive damages in a sum appropriate to punish and make

9   an example of Defendants, and each of them.

10      39.     As a proximate result of the wrongful acts of Defendants, and each of them,

11  Plaintiff has been harmed in that Plaintiff has suffered actual, consequential and incidental

12  financial losses, including without limitation, loss of salary and benefits, and the intangible loss of

13  employment-related opportunities and damage to her professional reputation, all in an amount

14  subject to proof at the time of trial. Plaintiff claims such amounts as damages together with

15  prejudgment interest pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of

16  law providing for prejudgment interest.

17      40.     As a proximate result of the wrongful acts of Defendants, and each of them,

18  Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental

19  anguish, and emotional distress.  Plaintiff is informed and believes and thereon alleges that she

20  will continue to experience said emotional suffering for a period in the future she cannot presently

21  ascertain, all in an amount subject to proof at the time of trial.

### THIRD CAUSE OF ACTION

**Retaliation in Violation of the FEHA (Gov. Code § 12900 *et seq.*)**

**(By Plaintiff Against the Corporate Defendant and the Doe Defendants)**

25      41.     Plaintiff hereby repeats and realleges each and every allegation in the preceding

26  paragraphs as if fully set forth herein.

27      42.     Plaintiff is informed and believes and thereupon alleges that Plaintiff's complaints

28  to Defendants about sexual harassment and/or other characteristics protected by FEHA,

8

COMPLAINT

**EXHIBIT B**

**PAGE 38**

Government Code section 12900, *et seq.*, were motivating factors in defendants' decision not to promote, or otherwise employ plaintiff is any superior position, or otherwise provide Plaintiff with promotional employment opportunities, and/or to take other adverse employment action, including constructive employment termination, against Plaintiff.

43.     At all times herein mentioned, the FEHA, embodied in Government Code section 12900 *et seq.* was in full force and effect.  This act prohibits employers from retaliating against employees who make protected complaints.

44.     Plaintiff believes and thereon alleges that Defendants are qualified employers subject to the requirements of FEHA.

45.     As discussed above, Plaintiff began employment with Defendants in good faith reliance upon promised developmental and promotional opportunities.  While employed with Defendants, Plaintiff flourished, and was even referred to as a "star player."  Eventually, Plaintiff was sexually harassed by Defendants.

46.     Plaintiff complained to Defendants about the inappropriate behavior she was subjected to.  As a result of her complaints, she was retaliated against.

47.     Plaintiff complained to defendants of the sexual harassment she experienced.  Thereafter, Defendants retaliated against Plaintiff by taking adverse employment actions against her, in major part because she reported the sexual harassment.

48.     Plaintiff believes and thereon alleges that any claims of misconduct or performance issues made by Defendants are merely pretextual and meant to disguise the discriminatory reasons for her treatment.

49.     Plaintiff's protected actions under FEHA, Government Code section 12900, *et seq.*, were motivating factors in Defendants' decision not to promote, or otherwise employ plaintiff is any superior position, or otherwise provide Plaintiff with promotional employment opportunities, and/or to take other adverse employment action, including constructive employment termination, against Plaintiff.

50.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and defendants committed unlawful employment practices, including by the following,

**EXHIBIT B**
**PAGE 39**

1     separate bases for liability:

2          a.   Retaliating against Plaintiff for her complaints to Defendants about the sexual

3             harassment she was experiencing by taking adverse employment actions against

4             her, in violation of Government Code section 12940(j);

5          b.   Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA

6             and/or opposing Defendants' failure to recognize such rights, including the right to

7             be free of discrimination, in violation of Government Code section 12940(h).

8       51.     As a proximate result of Defendants' willful, knowing, and intentional

9 discrimination against Plaintiff, Plaintiff has sustained and continues to sustain losses of earnings

10 and other employment benefits.

11       52.     As a proximate result of Defendants' willful, knowing, and intentional

12 discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation,

13 emotional distress, and physical and mental pain and anguish, all to her damage in a sum

14 according to proof.

15       53.     Defendants' misconduct was committed intentionally, in a malicious, despicable,

16 oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

17       54.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

18 Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable

19 attorneys' fees and costs (including expert costs) in an amount according to proof.

20                     **FOURTH CAUSE OF ACTION**

21      **CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY**

22       **(By Plaintiff Against the Corporate Defendant and the Doe Defendants)**

23       55.     Plaintiff hereby repeats and realleges each and every allegation in the preceding

24 paragraphs as if fully set forth herein.

25       56.     As set forth herein, Plaintiff was subjected to working conditions that violated

26 public policy, in that they violated the protections of the FEHA.

27       57.     At all relevant times, Defendants intentionally created or knowingly permitted

28 these working conditions to exist.

58.     These working conditions were so intolerable that Plaintiff, or a reasonable person in Plaintiff's position, would have had no reasonable alternative but to resign.

59.     Plaintiff did, in fact, resign because of her intolerable working conditions.

60.     Defendants' conduct was a substantial factor in causing harm to Plaintiff.

61.     As a proximate result of Defendants' conduct, Plaintiff has sustained and continues to sustain losses of earnings and other employment benefits.

62.     As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

63.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.     An award of damages, in a sum in excess of the jurisdictional minimum of the Superior Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

B.     An award of damages, in a sum in excess of the jurisdictional minimum of the Superior Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for her depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering;

C.     An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

D.     An award of punitive damages;

E.     An award of costs that Plaintiff has incurring in this action, as well as Plaintiff's reasonable attorneys' fees and costs of prosecuting this action to the fullest extent permitted by law; and

F.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

SMITH & BENOWITZ

Dated:  November 23, 2020          BY _____
                                                    LOUIS BENOWITZ
                                                    Attorneys for Plaintiff
                                                    GLORIA RIVAS

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Louis Benowitz (SBN 262300) / SMITH & BENOWITZ<br>4515 Van Nuys Boulevard, Suite 302<br>Sherman Oaks, CA 91403 | **FOR COURT USE ONLY** |
| TELEPHONE NO.: (818) 839-7800   FAX NO. *(Optional):* (818) 839-9700 | **FILED** |
| ATTORNEY FOR *(Name):* | 11/23/2020 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 939 West Main Street
MAILING ADDRESS: 939 West Main Street
CITY AND ZIP CODE: El Centro, CA 92243
BRANCH NAME: El Centro Courthouse

SUPERIOR COURT
COUNTY OF IMPERIAL
CLERK OF THE COURT
BY Michelle Garcia , DEPUTY

**CASE NAME:**
Gloria Rivas vs. Management & Training Corporation, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** ECU001668 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **JUDGE:** JEFFREY B JONES<br>**DEPT:** 7 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 23, 2020

Louis Benowitz
(TYPE OR PRINT NAME) ▶ *(signature)*   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT B
PAGE 43

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

EXHIBIT "B"

PAGE 44

# Superior Court of California
# County of Imperial
# Alternative Dispute Resolution Information

NOTICE: In all general civil cases, plaintiff and cross-complaints are required to serve this form on each defendant or new party to the action.

Alternative Dispute Resolution (ADR) may help resolve disputes without trial.  ADR is usually less expensive, less formal and less time consuming than a trial.  ADR can also be less adversarial and may provide parties with the opportunity for more creative and/or flexible outcomes than can be achieved in trial.  Since various ADR methods may or may not be appropriate in any particular case, it is advisable to consult with an attorney about options available.

## Mediation

An impartial person called a "mediator" helps the parties try to reach a mutually agreeable resolution of the dispute.  The outcome is decided only by the parties.  If the parties do not reach an agreement, the mediator does not make any decisions or recommendations to the court. Mediation is useful when the parties have a relationship they wish to preserve.  Mediation may not be as useful if one of the parties is unwilling to compromise, or if one party has significant power over the other.  The only court sponsored mediation service available in the Superior Court is for child custody and visitation.

## Arbitration

An impartial person called an "arbitrator" listens to evidence and argument from both sides and then decides the outcome.  Arbitration is less formal than a trial, and the rules of evidence may be relaxed.  Pursuant to Imperial Superior Court Local Rules, Division 5 – Arbitration, Rule 3.5.0, all non-exempt unlimited civil cases where the amount in controversy does not exceed $50,000 as to any plaintiff, and all limited civil cases shall be submitted to arbitration under CCP 1141.10 et seq.

## Settlement Conference

The parties and their attorneys meet with a judicial officer to discuss possible settlement of the dispute.  The judicial officer assists the parties in evaluating the strengths and weaknesses of the case, but does not make any decision.  Settlement conferences are scheduled upon request of the parties and order of the judge assigned to the case.

## Additional Information

For information on Superior Court of California, County of Imperial's arbitration process see the Local Rules at www.imperial.courts.ca.gov and Stipulation to Use of Alternative Dispute Resolution Process, Local Form GN-02.

ADR Information
GN-04 (Adopted (01/01/12)

**EXHIBIT B**
**PAGE 45**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL**
939 W. Main Street
El Centro, CA 92243

| PETITIONER: | |
|---|---|
| RESPONDENT: | |

| **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS (California Rules of Court 3.221)** | CASE NUMBER: |
|---|---|

The parties and/or their attorneys stipulate that the matter is at issue and that this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management timelines.

_____  Court Ordered Non-Binding Arbitration (Cases valued at $50,000 or less)

_____  Private Mediation

_____  Private Binding Arbitration

_____  Other (specify):_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral:

_____.

Date:_____        Date:_____

_____        _____
Name of Plaintiff/Petitioner        Name of Defendant/Respondent

_____        _____
Signature of Plaintiff/Petitioner        Signature of Defendant/Respondent

_____        _____
Name of Plaintiff's Attorney        Name of Defendant's Attorney

_____        _____
Signature of Attorney        Signature of Attorney

GN-03 (Adopted 01/01/11        STIPULATION TO USE OF ALTERNATIVE DISPUTE
Revised 01/01/13)        RESOLUTION PROCESS (CA Rules of Court 3.221)

**EXHIBIT B**
**PAGE 46**

# EXHIBIT C

**(Notice and Acknowledgment of Receipt and corresponding email regarding the Notice and Acknowledgement of Receipt on August 18, 2021)**


# To

# DECLARATION OF MELISSA D. OWENS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA


USDC CASE NO.: _____

EXHIBIT C
PAGE 47

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Louis Benowitz (SBN 262300); Benjamin Smith (SBN 266712)<br>SMITH & BENOWITZ<br>4515 Van Nuys Boulevard, Suite 302<br>Sherman Oaks, California 91403<br>TELEPHONE NO: (818) 839-7800   FAX NO. *(Optional):* (818) 839-9700<br>E-MAIL ADDRESS *(Optional):* Louis@SmithBenowitz.com; Benjamin@SmithBenowitz.com<br>ATTORNEY FOR *(Name):* Plaintiff GLORIA RIVAS | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL**
STREET ADDRESS: 939 West Main Street
MAILING ADDRESS: 939 West Main Street
CITY AND ZIP CODE: El Centro, CA 92243
BRANCH NAME: El Centro Courthouse

PLAINTIFF/PETITIONER: GLORIA RIVAS

DEFENDANT/RESPONDENT: MANAGEMENT & TRAINING CORPORATION, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>ECU001668 |
|---|---|

TO *(insert name of party being served):* VERONICA CARRANZA

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August ___, 2021

Louis Benowitz
_____     ►     _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.
2. ☐ Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: August 18, 2021     JACKSON LEWIS P.C.

Melissa D. Owens, Attorney for Defendant
_____     ►     _____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

EXHIBIT C
PAGE 45

**Owens, Melissa D. (San Diego)**

| | |
|---|---|
| **From:** | Louis Benowitz <louis@smithbenowitz.com> |
| **Sent:** | Wednesday, August 18, 2021 3:04 PM |
| **To:** | Owens, Melissa D. (San Diego) |
| **Cc:** | Alexis Padilla; Hunter, Veronica T. (Houston); Preciado, Vanessa (San Diego); benjamin@smithbenowitz.com |
| **Subject:** | Re: Rivas v. Management & Training Corporation et. al. |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**[EXTERNAL SENDER]**

Hi Melissa,

Thank you for sending this over. How about Monday at 1030?

On Wed, Aug 18, 2021 at 2:59 PM Owens, Melissa D. (San Diego) <Melissa.Owens@jacksonlewis.com> wrote:

Hi Louis,

We are available for a call next week Monday or Tuesday between 10 am and 4 pm, or Thursday before 4 pm.

In the interim, as we discussed, attached is an executed notice and acknowledgement of receipt on behalf of Ms. Carranza. With this notice, we will consider service effectuated on all Defendants.

Best,

Melissa

**EXHIBIT C
PAGE 49**



**Melissa D. Owens**
Attorney at Law

**Jackson Lewis P.C.**
225 Broadway
Suite 2000
San Diego, CA 92101
Direct: (619) 573-4930 | Main: (619) 573-4900
Melissa.Owens@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Louis Benowitz <louis@smithbenowitz.com>
**Sent:** Tuesday, August 17, 2021 10:43 AM
**To:** Owens, Melissa D. (San Diego) <Melissa.Owens@jacksonlewis.com>
**Cc:** Alexis Padilla <alexis@benowitzlaw.com>; Hunter, Veronica T. (Houston) <Veronica.Hunter@jacksonlewis.com>; Preciado, Vanessa (San Diego) <Vanessa.Preciado@jacksonlewis.com>; benjamin@smithbenowitz.com
**Subject:** Re: Rivas v. Management & Training Corporation et. al.

**[EXTERNAL SENDER]**

Let's find a time next week that works. Please just propose a few. The 8/20 request is not an issue. Thanks.

On Tue, Aug 17, 2021 at 10:34 AM Owens, Melissa D. (San Diego) <Melissa.Owens@jacksonlewis.com> wrote:

Hi Louis,

Thank you for your prompt response. If you could send the notice and acknowledgement as soon as you are able, it would be appreciated so that we may answer on Friday (8/20) on behalf Ms. Carranza as well.

Unfortunately, I am not available tomorrow to discuss. I likely will not have availability till early next week if that works for you.

**EXHIBIT C**
**PAGE 50**

Best,

Melissa



**Melissa D. Owens**
Attorney at Law

**Jackson Lewis P.C.**
225 Broadway
Suite 2000
San Diego, CA 92101
Direct: (619) 573-4930 | Main: (619) 573-4900
Melissa.Owens@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Louis Benowitz <louis@smithbenowitz.com>
**Sent:** Tuesday, August 17, 2021 10:20 AM
**To:** Owens, Melissa D. (San Diego) <Melissa.Owens@jacksonlewis.com>
**Cc:** Alexis Padilla <alexis@benowitzlaw.com>; Hunter, Veronica T. (Houston) <Veronica.Hunter@jacksonlewis.com>; Preciado, Vanessa (San Diego) <Vanessa.Preciado@jacksonlewis.com>; benjamin@smithbenowitz.com
**Subject:** Re: Rivas v. Management & Training Corporation et. al.


[EXTERNAL SENDER]

Hi Melissa,


Thank you for reaching out to me. I will go ahead and send over a notice and acknowledgment this week. Do you have time for a brief call tomorrow afternoon to discuss this case? Anytime after 1230 pm will be fine. Thanks.


On Tue, Aug 17, 2021 at 10:17 AM Owens, Melissa D. (San Diego) <Melissa.Owens@jacksonlewis.com> wrote:

Counsel:

EXHIBIT C
PAGE 51

This is in follow up to a message I left for you both with your secretary. Our firm represents Management & Training Corporation and Veronica Carranza in the case you filed in Imperial Superior Court, Case Number ECU001668. Please direct all future correspondence pertaining to this matter to our office.

Our understanding is that Ms. Carranza has not been personally served with the Summons and Complaint. We are willing to accept service on Ms. Carranza's behalf through the Notice and Acknowledgment procedure. Please send us a Notice and Acknowledgment Form and the Summons, Complaint, and all other notices (ADR information, CMC notice, etc).

Please let us know if you would like to discuss.

Best,
Melissa



**Melissa D. Owens**
Attorney at Law

**Jackson Lewis P.C.**
225 Broadway
Suite 2000
San Diego, CA 92101
Direct: (619) 573-4930 | Main: (619) 573-4900
Melissa.Owens@jacksonlewis.com | www.jacksonlewis.com

--

Louis Benowitz

Smith & Benowitz

EXHIBIT C
PAGE 52

4515 Van Nuys Boulevard, Suite 302

Sherman Oaks, CA 91403

(818) 839-7800 / Telephone

(818) 839-9610 / Direct

(818) 839-9700 / Facsimile

Louis@SmithBenowitz.com / Email

www.SmithBenowitz.com

This communication (including attachments, if any) constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of this communication.

Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken in an effort to evaluate potential claims and determine whether we are interested in representing you. Unless and until a formal attorney-client contract/retainer agreement is signed by both the client and the firm, we will not take any action to protect your rights.

P Before printing this e-mail - think if it is necessary.  Think Green!

--

Louis Benowitz

Smith & Benowitz

4515 Van Nuys Boulevard, Suite 302

Sherman Oaks, CA 91403

(818) 839-7800 / Telephone

(818) 839-9610 / Direct

(818) 839-9700 / Facsimile

Louis@SmithBenowitz.com / Email

EXHIBIT C

PAGE 53

www.SmithBenowitz.com

This communication (including attachments, if any) constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of this communication.

Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken in an effort to evaluate potential claims and determine whether we are interested in representing you. Unless and until a formal attorney-client contract/retainer agreement is signed by both the client and the firm, we will not take any action to protect your rights.

P Before printing this e-mail - think if it is necessary.  Think Green!

--

Louis Benowitz

Smith & Benowitz

4515 Van Nuys Boulevard, Suite 302

Sherman Oaks, CA 91403

(818) 839-7800 / Telephone

(818) 839-9610 / Direct

(818) 839-9700 / Facsimile

Louis@SmithBenowitz.com / Email

www.SmithBenowitz.com

This communication (including attachments, if any) constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of this communication.

EXHIBIT C
PAGE 54

Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken in an effort to evaluate potential claims and determine whether we are interested in representing you. Unless and until a formal attorney-client contract/retainer agreement is signed by both the client and the firm, we will not take any action to protect your rights.

**P** Before printing this e-mail - think if it is necessary.  Think Green!

7

EXHIBIT C

PAGE 55

# **EXHIBIT D**

**(Answer filed by Defendants in the Imperial Superior Court on August 19, 2021)**

## To

## DECLARATION OF MELISSA D. OWENS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

USDC CASE NO.: _____

1  Veronica T. Hunter (SBN 259859)
   JACKSON LEWIS P.C.
2  717 Texas Avenue, Suite 1700
   Houston, TX  77002
3  Telephone:  (713) 650-0404
   Facsimile:  (713) 650-0405
4  veronica.hunter@jacksonlewis.com

5  Melissa D. Owens (SBN 327295)
   JACKSON LEWIS P.C.
6  225 Broadway, Suite 2000
   San Diego, CA  92101
7  Telephone:  (619) 573-4900
   Facsimile:  (619) 573-4901
8  melissa.owens@jacksonlewis.com

9  Attorneys for Defendants
   MANAGEMENT & TRAINING CORPORATION;
10 DORA OROZCO; and VERONICA CARRANZA

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF IMPERIAL

13                       EL CENTRO COURTHOUSE

| | |
|---|---|
| 14  GLORIA RIVAS, an individual, | Case No.:     ECU001668 |
| 15         Plaintiff, | [Assigned for all purposes to Hon. Jeffrey B. Jones] |
| 16         vs. | |
| 17  MANAGEMENT & TRAINING CORPORATION, a Delaware corporation; DORA OROZCO, an individual; VERONICA CARRANZA, an individual; and DOES 1-50, inclusive, | **DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 18 | |
| 19 | |
| 20         Defendants. | **DEMAND FOR JURY TRIAL** |
| 21 | |
| 22 | Complaint filed:    November 23, 2020<br>Trial Date:         Not Assigned |

23

24        Defendants MANAGEMENT & TRAINING CORPORATION ("MTC"), DORA OROZCO

25 ("Orozco"), and VERONICA CARRANZA ("Carranza") (collectively referred to as "Defendants") on

26 behalf of themselves and for no other defendants, hereby respond to the Complaint ("Complaint") filed

27 by Plaintiff GLORIA RIVAS ("Plaintiff") as follows:

28 ///

                                         1
DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND
VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D
PAGE 57

1

### **GENERAL DENIAL**

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation and cause of action in Plaintiff's Complaint; deny that Plaintiff was injured or damaged in the amount or manner alleged, or otherwise; and further deny that Plaintiff is entitled to the relief claimed, or to any relief, upon the grounds alleged, or otherwise.

### **DEFENSES AND AFFIRMATIVE DEFENSES**

As separate and distinct defenses and affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, and without conceding that it bears the burden of proof or persuasion as to any defense, Defendants allege as follows:

### **FIRST DEFENSE**

### **(Failure to State a Claim)**

1.      The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendants upon which relief may be granted.

### **SECOND DEFENSE**

### **(Statute of Limitations)**

2.      The Complaint as a whole, and each purported cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 338, and California Government Code section 12965 *et seq*.

### **THIRD DEFENSE**

### **(Equitable Doctrines)**

3.      Any recovery on the Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and/or unclean hands.

### **FOURTH DEFENSE**

### **(Laches and Unreasonable Delay)**

4.      Any recovery on the Complaint, or any purported cause of action alleged therein, is barred to the extent that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants.

///

DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND
VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT D**
**PAGE 58**

## FIFTH DEFENSE

### (Compliance with Labor Code)

5.      Any recovery on the Complaint, or any purported cause of action alleged therein, is barred and/or recovery is precluded because Defendants did not knowingly, intentionally, or willfully fail to comply with all applicable provisions of California's Labor Code, but rather acted in good faith and had reasonable grounds for believing they did not violate the relevant provisions.

## SIXTH DEFENSE

### (Avoidable Consequences)

6.      Any recovery on the Complaint, or any purported cause of action therein, is barred under the avoidable consequences doctrine. Defendants had procedures in place for reporting work-related issues, including but not limited to, harassment and retaliation issues. Plaintiff unreasonably failed to utilize Defendants' preventive and corrective measures, and reasonable use of Defendants' preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered. As such, Plaintiff is barred from recovering any damages.

## SEVENTH DEFENSE

### (Set Off and Recoupment)

7.      Defendants are entitled to set-off and recoupment of amounts Plaintiff owes for receipt of any wages and other benefits to which she was not entitled and/or did not earn.

## EIGHTH DEFENSE

### (Waiver, Release, Accord, Satisfaction, Ratification, & Novation)

8.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrines of waiver, release, accord, satisfaction, ratification, and novation to the extent Plaintiff received a prior settlement payment and/or any other action in which releases and waivers were effectuated. Such conduct bars Plaintiff from any recovery herein under the doctrines of waiver, release, accord, satisfaction, ratification, and novation.

///

///

///

EXHIBIT D
PAGE 59

**NINTH DEFENSE**

**(Failure to Use Ordinary Care)**

9.     Any recovery on the Complaint, or any purported cause of action therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of duties and failed to comply substantially with the reasonable directions of Defendants.

**TENTH DEFENSE**

**(Contributory/Comparative Fault)**

10.     Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part by the contributory and/or comparative fault of Plaintiff.

**ELEVENTH DEFENSE**

**(At-Will Employee)**

11.     Plaintiff's Complaint and each purported cause of action alleged therein asserting that she was terminated for a discriminatory or wrongful reason is barred because Plaintiff's employment with Defendants had no specific term, and therefore was terminable at the will of either party, for any or no reason and with or without notice, pursuant to California Labor Code section 2922.

**TWELFTH DEFENSE**

**(Unconstitutional Recovery Sought)**

12.     Plaintiff's Complaint, and each purported cause of action therein, is barred to the extent recovery sought is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution, and the common law doctrine prohibiting double recovery.

**THIRTEENTH DEFENSE**

**(No Pre-Judgment Interest)**

13.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to state facts sufficient to entitle her to pre-judgment interest and the costs of suit incurred herein.

4

**FOURTEENTH DEFENSE**

**(Privileged, Good Faith and/or Justified Conduct)**

14. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Defendants' conduct was at all times privileged, undertaken in good faith and/or justified under California law.

**FIFTEENTH DEFENSE**

**(After-Acquired Evidence)**

15. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the doctrine of after-acquired evidence to the extent that discovery may reveal information which would support this defense.

**SIXTEENTH DEFENSE**

**(*In Pari Delicto*)**

16. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff has engaged in acts and courses of conduct which rendered Plaintiff *in pari delicto*.

**SEVENTEENTH DEFENSE**

**(*Res Judicata* / Collateral Estoppel)**

17. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the doctrine of *res judicata* and/or collateral estoppel.

**EIGHTEENTH DEFENSE**

**(Discretion and Good Faith)**

18. Any and all conduct of which Plaintiff complains and which is attributed to Defendants was a just and proper exercise of their discretion and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at all times mentioned in Plaintiff's Complaint.

///

///

///

DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND
VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D
PAGE 61

## NINETEENTH DEFENSE

### (Standard of Care)

19.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants properly performed all duties, if any, within the appropriate standard of care.

## TWENTIETH DEFENSE

### (Not Foreseeable)

20.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff's claims and damages are barred because her damages are too speculative, remote, and unforeseeable.

## TWENTY-FIRST DEFENSE

### (No Punitive Damages)

21.     Plaintiff is precluded from recovering exemplary or punitive damages from Defendants under the applicable provisions of law. Specifically, California Civil Code section 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression, fraud, or despicable conduct.

## TWENTY-SECOND DEFENSE

### (No Officers, Directors, or Managing Agents)

22.     Plaintiff claims are barred, in whole or in part, because Plaintiff is not entitled to recover punitive or exemplary damages from Defendants on the grounds that none of Defendants' employees, officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them.

## TWENTY-THIRD DEFENSE

### (Workers' Compensation Exclusivity)

23.     Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because of the exclusive remedy provisions of Workers' Compensation.

///

///

///

DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND
VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D
PAGE 62

**TWENTY-FOURTH DEFENSE**

**(Failure to Exhaust)**

24.     Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because of Plaintiff's failure to timely and fully exhaust administrative remedies as required by law.

**TWENTY-FIFTH DEFENSE**

**(Failure to File DFEH/EEOC Complaint)**

25.     Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part, and the action should be dismissed, for failure to timely file an appropriate claim with the California Department of Fair Employment and Housing pursuant to California Government Code section 12900, *et seq*. and/or the Equal Employment Opportunity Commission pursuant to federal law.

**TWENTY-SIXTH DEFENSE**

**(Outside Course and Scope)**

26.     Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are not vicariously liable for the conduct alleged because such conduct was outside the course and scope of employment of the individual(s) who allegedly engaged in such conduct.

**TWENTY-SEVENTH DEFENSE**

**(Failure to Mitigate Damages)**

27.     To the extent discovery may disclose a factual basis for this defense, Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

**TWENTY-EIGHTH DEFENSE**

**(Legitimate Business Justification)**

28.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming arguendo that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendants would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

///

DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D
PAGE 63

**TWENTY-NINTH DEFENSE**

**(Mixed Motive Defense)**

29.     Recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming arguendo that discriminatory reasons had been a substantial motivating factor in any employment decisions toward Plaintiff, legitimate, non-discriminatory business reasons were also substantial motivating factors for taking any such adverse employment action against Plaintiff, and Defendants would have made the same employment decisions toward Plaintiff without any regard for any prohibited or unlawful factor. Therefore, Plaintiff is not entitled to back pay or damages.

**THIRTIETH DEFENSE**

**(Failure to Perform Responsibilities)**

30.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendants.

**THIRTY-FIRST DEFENSE**

**(No Discrimination or Retaliation)**

31.     Defendants did not discriminate against Plaintiff on the basis of sex, gender, age, or any other unlawful grounds.

**THIRTY-SECOND DEFENSE**

**(No Violation of Public Policy)**

32.     Defendants' actions were not based upon, nor do they constitute, a violation of any public policy or other factors protected by law.

**THIRTY-THIRD DEFENSE**

**(Discrimination/Harassment Prevention)**

33.     To the extent Plaintiff bases her Complaint on any theory of discrimination or harassment, any recovery on Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred in whole or in part because Defendants maintained a policy of promoting a work environment free from discrimination or harassment.

///

DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT D
PAGE 64

**THIRTY-FOURTH DEFENSE**

**(Attorneys' Fees and Costs)**

34.      Defendants have engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendants are thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

**RESERVATION OF RIGHTS**

Defendants allege that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendants to ascertain what other affirmative defenses may exist. Defendants will rely upon any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this Answer for purposes of asserting such additional affirmative defenses.

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing herein and be denied each and every demand and prayer for relief contained in the operative complaint;

2.      That the operative complaint be dismissed in its entirety with prejudice;

3.      For costs of suit incurred herein, including reasonable attorneys' fees pursuant to California Government Code section 12965; and

4.      For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial on all issues.

DATED:  August 19, 2021                          JACKSON LEWIS P.C.


                                                 By:
                                                     Veronica T. Hunter
                                                     Melissa D. Owens
                                                     Attorneys for Defendants
                                                     MANAGEMENT & TRAINING CORPORATION;
                                                     DORA OROZCO; and VERONICA CARRANZA

4820-7330-5332, v. 2

9

DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND
VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF IMPERIAL, EL CENTRO COURTHOUSE | COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):          Telephone No.<br>Veronica T. Hunter (SBN 259859)          Tel:  713.650.0404<br>JACKSON LEWIS P.C.          Fax:  713.650.0405<br>717 Texas Avenue, Suite 1700<br>Houston, Texas  77002<br>veronica.hunter@jacksonlewis.com<br><br>Melissa D. Owens (SBN 327295)          Tel:  619.573.4900<br>JACKSON LEWIS P.C.          Fax:  619.573.4901<br>225 Broadway, Suite 2000<br>San Diego, California  92101<br>melissa.owens@jacksonlewis.com | |
| SHORT CASE TITLE<br>RIVAS vs. MANAGEMENT & TRAINING CORPORATION, et al. | JUDGE:   Hon. Jeffrey B. Jones<br>DEPT.: |
| ATTORNEYS FOR DEFENDANTS<br>MANAGEMENT & TRAINING CORPORATION; DORA OROZCO; and<br>VERONICA CARRANZA | Case No.:<br>ECU001668 |

# PROOF OF SERVICE

I, the undersigned, am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause of action.  My business address is 225 Broadway, Suite 2000, San Diego, California 92101.  On August 19, 2021, I served the following documents:

**DEFENDANTS MANAGEMENT & TRAINING CORPORATION, DORA OROZCO, AND VERONICA CARRANZA'S ANSWER TO PLAINTIFF'S COMPLAINT**

**_Counsel for Plaintiff – Courtesy Copy via Electronic Service_**
Louis Benowitz, Esq.
Benjamin Smith, Esq.
SMITH & BENOWITZ
4515 Van Nuys Blvd., Suite 302
Sherman Oaks, CA  91403

Tel:     (818) 839-7800
Fax:     (818) 839-9700
Email: Louis@SmithBenowitz.com
          Benjamin@SmithBenowitz.com

☒  **BY ELECTRONIC SERVICE.** I served the document(s) listed above via electronic mail (e-mail) to the electronic notification address(es) set forth above on this date. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  **BY U.S. MAIL.** I placed or caused to be placed, the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above.

☐  **BY PERSONAL SERVICE.** I caused said documents to be hand-delivered to the addressee on August 19, 2021, via First Legal Services, pursuant to Code of Civil Procedure §1011.

☐  **BY OVERNIGHT MAIL.** I deposited or caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 19, 2021

Vanessa M. Preciado
vanessa.preciado@jacksonlewis.com

**EXHIBIT D
PAGE 66**

**Preciado, Vanessa (San Diego)**

| | |
|---|---|
| **From:** | Kayla Vasquez <kvasquez@firstlegal.com> |
| **Sent:** | Thursday, August 19, 2021 12:19 PM |
| **To:** | Preciado, Vanessa (San Diego) |
| **Cc:** | Kevin Jeffries |
| **Subject:** | FW: Filing Received - MANAGEMENT & TRAINING CORPORATION - 6a97632da876 |

**[EXTERNAL SENDER]**

Hello!

Re Control Number: 15004038

Your order was submitted today. There was no confirmation email sent out, but below this email is the eFiling receipt. Thank you!


Regards,


Kayla Vasquez | eFiling Specialist
kvasquez@firstlegal.com | 877.399.5562 ext 1868

First Legal | Court & Process
Office: 877.399.5562 | Fax: 213.802.0639
https://www.firstlegal.com



File Thru TrialTM
Private Investigator Licenses: CA PI: 24171 AZ PI: 1551710 NV PI-PS: 1452

This email (including any attachments) contains confidential information intended solely for the use of named addressee, and is protected by law. If you are not the intended recipient, you should delete it immediately and are hereby notified that disclosure, copying, distribution, or reuse of this message or any information contained therein by any other person is strictly prohibited.




-----Original Message-----
From: noreply@ecourt.com <noreply@ecourt.com>
Sent: Thursday, August 19, 2021 12:15 PM
To: Kayla Vasquez <kvasquez@firstlegal.com>
Subject: Filing Received - MANAGEMENT & TRAINING CORPORATION - 6a97632da876

Your recent electronic filing for MANAGEMENT & TRAINING CORPORATION submitted on 08/19/21 has been RECEIVED by Imperial Superior Court.

EXHIBIT D
PAGE 67

https://portal-imperial.journaltech.com/public-portal/?q=node/364/218379

2

# __EXHIBIT E__

**(Notice of Filing Removal to be filed and served on Plaintiff)**

## To

## DECLARATION OF MELISSA D. OWENS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

USDC CASE NO.: _____

1
Veronica T. Hunter (SBN 259859)
JACKSON LEWIS P.C.
2
717 Texas Avenue, Suite 1700
Houston, TX  77002
3
Telephone:  (713) 650-0404
Facsimile:  (713) 650-0405
4
veronica.hunter@jacksonlewis.com

5
Melissa D. Owens (SBN 327295)
JACKSON LEWIS P.C.
6
225 Broadway, Suite 2000
San Diego, CA  92101
7
Telephone:  (619) 573-4900
Facsimile:  (619) 573-4901
8
melissa.owens@jacksonlewis.com

9
Attorneys for Defendants
MANAGEMENT & TRAINING CORPORATION;
10
DORA OROZCO; and VERONICA CARRANZA

11
SUPERIOR COURT OF THE STATE OF CALIFORNIA

12
COUNTY OF IMPERIAL

13
EL CENTRO COURTHOUSE

| | |
|---|---|
| 14 GLORIA RIVAS, an individual, | Case No.:      ECU001668 |
| 15                Plaintiff, | [Assigned for all purposes to Hon. Jeffrey B. Jones] |
| 16         vs. | |
| 17 MANAGEMENT & TRAINING CORPORATION, a Delaware corporation; DORA OROZCO, an individual; VERONICA CARRANZA, an individual; and DOES 1-50, inclusive, | **DEFENDANTS' NOTICE OF FILING REMOVAL** |
| 18 | |
| 19 | Complaint filed:     November 23, 2020 |
| 20                Defendants. | Trial Date:            Not Assigned |

21

22      **TO THE IMPERIAL COUNTY SUPERIOR COURT, AND TO PLAINTIFF AND HER**

23 **ATTORNEYS:**

24          PLEASE TAKE NOTICE that on August 19, 2021, Defendants MANAGEMENT & TRAINING

25 CORPORATION; DORA OROZCO; and VERONICA CARRANZA (collectively referred to as

26 "Defendants"), filed a Notice of Removal of this action with the United States District Court for the

27 Southern District of California, located at 333 West Broadway, San Diego, California 92101.

28 ///

EXHIBIT E
PAGE 70

1    Attached hereto as **Exhibit "A"** is a true and correct copy of the Notice of Removal, including all

2  exhibits attached thereto.

3

4  DATED:  August 19, 2021                    JACKSON LEWIS P.C.

5

6

7  By: _____
        Veronica T. Hunter
8        Melissa D. Owens
        Attorneys for Defendants
9        MANAGEMENT & TRAINING CORPORATION;
        DORA OROZCO; and VERONICA CARRANZA

10

11

12
   4824-5695-4868, v. 1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28